UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

MALAK KHATABI, and other similarly )
situated individuals, )
 )
          Plaintiff(s), )
 )
v. )
 )
CAR AUTO HOLDINGS LLC d/b/a )
Palmetto Alfa Romeo – Fiat, and CARLOS )
A. RIOS, )
 )
          Defendants. )
 )

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, MALAK KHATABI ("Plaintiff") and other similarly situated individuals, sue the Defendants, CAR AUTO HOLDINGS LLC d/b/a Palmetto Alfa Romeo – Fiat, and CARLOS A. RIOS (collectively the "Defendants"), and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States and for unpaid wages under Florida common law and Fla. Stat. § 448.08[1].

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). The Court has supplemental jurisdiction over the common law claim and Fla. Stat. § 448.08. The facts regarding Plaintiff's

---

[1] Plaintiff will file a charge of discrimination for sexual harassment and retaliation under the FCRA and Title VII.

state law claims are so related to the Federal claims that they form part of the same case or controversy.

**VENUE**

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

4. Defendant CAR AUTO HOLDINGS LLC d/b/a Palmetto Alfa Romeo – Fiat (individually the "Corporate Defendant") and CARLOS A. RIOS (individually the "Individual Defendant"), are a Florida company and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.  The Individual Defendant, upon information and belief, resides in Miami-Dade County, Florida.

**COUNT I: WAGE AND HOUR VIOLATION BY CORPORATE DEFENDANT**

5. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Plaintiff to recover from the Corporate Defendant minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

7. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  On July 24, 2007 Federal minimum wage was raised to $5.85/hr.  On July 24, 2008, Federal minimum wage was raised to $6.55/hr.  On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

8. The Act provides minimum standards that may be exceeded but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State or municipal laws,

regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

9. In Florida, the minimum wage in 2020 was $8.56 per hour.

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a car dealership and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce.

Plaintiff was employed by the Corporate Defendant as a car salesperson for the Corporate Defendant's business.

12.   Corporate Defendant sells and leases cars that have not been manufactured in Florida or in the United States.

13.   Plaintiff worked for the Corporate Defendant from approximately August 26, 2020 through December 15, 2020. In total, Plaintiff worked approximately 18 compensable weeks under the Act, or 18 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

14.   During her first two weeks of employment with the Corporate Defendant, Plaintiff spent approximately 60 hours working for the Corporate Defendant for free.

15.   Specifically, for about 60 hours of compensable work, the Corporate Defendant had Plaintiff work for its benefit and in exchange it paid $0.00 to Plaintiff. This is illegal.

16.   When Plaintiff complained about not getting paid, the Corporate Defendant told Plaintiff "we do not pay for this time; this is training time. You should be paying us to train you."

17.   After her initial two weeks of "training," Plaintiff began working for the Corporate Defendant on a commission basis with a draw.

18.   Plaintiff was employed as a car salesperson performing the same or similar duties as that of those other similarly situated car salespersons whom Plaintiff observed working at the Defendants on a commissions base with a draw. In fact, Plaintiff observed all car salesmen getting paid commissions with a draw.

19.   Plaintiff seeks to recover unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

20. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid minimum wages is as follows:

a. **Actual Damages: $513.60**

   i. <u>Calculation</u>: $8.56 (minimum wage) x 60 (**subject to discovery,** number of hours Plaintiff was paid $0.00 the first two weeks of her employment) = $513.60.

b. **Liquidated Damages:** $513.60

c. **Total Damages: $1,027.20** plus reasonable attorneys' fees and costs of suit.

21. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services for the Corporate Defendant, and this defendant failed to make sure Plaintiff and those similarly situated individuals were paid all of their minimum wages during their first weeks of employment.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid all of their minimum wages for time worked.

23. The Corporate Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of minimum wages and remains owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

24. The Corporate Defendant willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

25. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for all hours worked to be calculated in a weekly basis; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY THE INDIVIDUAL DEFENDANT

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. At the times mentioned, the Individual Defendant was, and is now, an officer and member of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and

others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

28.   The Individual Defendant is and was, at all times relevant, a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

29.   The Individual Defendant willfully and intentionally caused Plaintiff not to receive her minimum wages during her first two weeks of employment as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

30.   Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for all hours worked; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: UNPAID WAGES UNDER FLORIDA STATUTES, SECTION 448.08

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

32. At all times material hereto Plaintiff has resided in Miami-Dade County, Florida.

33. At all times material hereto, Plaintiff was the employee of the Corporate Defendant.

34. Plaintiff was employed by the Corporate Defendant as a car salesperson.

35. The Corporate Defendant paid Plaintiff on a commission basis.

36. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

37. Plaintiff has retained the law firm of SAENZ & ANDERSON, PLLC to represent her in this matter, and Plaintiff has agreed to pay, respectively, said firm a reasonable attorney's fee for its services.

38. This is an action brought pursuant to and arising under Chapter 448, Florida Statutes.

39. The Corporate Defendant has willfully failed to pay Plaintiff commissions due her.

40. Subject to discovery, the Corporate Defendant has at least $950 in unpaid commissions owed to Plaintiff.

41. Unpaid commissions are unpaid wages, recoverable under common law and Chapter 448, Florida Statutes.

42. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to recover costs of this action and a reasonable attorney's fee.

**WHEREFORE**, Plaintiff demands judgment against the Corporate Defendant for the following:

a. Unpaid wages found to be due and owing;

b. Prejudgment interest;

c. Award of reasonable attorney's fee and costs; and

d. Such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 3, 2021.

Respectfully submitted,

By: /s/ Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Attorneys for Plaintiff*