UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20458-Civ-TORRES

MALAK KHATABI,

    *Plaintiff,*

v.

CAR AUTO HOLDINGS, LLC; *et al.,*

    *Defendants.*

_____/

## ORDER ON MOTION TO REINSTATE MOTION TO AMEND JUDGMENT

This matter comes before the Court on Defendant Carlos Rios's Motion to Alter or Amend the Final Judgment [D.E. 59] entered against him in the action. No response was filed to the Motion before the presiding Trial Judge terminated the motion pending a settlement of the action at a post-judgment settlement conference. During that settlement process, the case was effectively stayed to allow the parties additional time to resolve the disputes without incurring further time and expense in the post-judgment motion process. Despite multiple efforts, and given the passage of time, a settlement was never reached and will likely not be reached. Therefore, the question now before the Court is how to dispose of the stayed post-trial motions. A hearing has been set for April 26, 2023, for that purpose. In the meantime, however, good cause exists to grant the pending motion to amend under Rule 59 and 60(a) as

the current Final Judgment is clearly erroneous and would result in a manifest injustice if not corrected. By amending the Final Judgment, the post-judgment process can then be properly reinstated.

The motion to amend argued that the current Final Judgment is due to be amended because individual Defendant Rios can only be liable under the jury's verdict for $513 in compensatory damages for unpaid minimum wages. Rios argues that he cannot, as a matter of law, be individually liable for the $81,028.00 in compensatory damages and $750,000 in punitive damages that the jury awarded under Plaintiff's sex discrimination claim. Rios maintains that the original District Judge's Final Judgment failed to account for this distinction, and it could be read to include Rios as a party to the Judgment's award of those sums in Plaintiff's favor. The bases argued in the motion include that 1) Plaintiff's First Amended Complaint [D.E. 27] did not seek recovery against the individual Defendant Rios for her sex discrimination claim; 2) the pretrial stipulation [D.E. 37] does not identify such a claim against Defendant Rios; and 3) the verdict made no findings consistent with the individual liability of Defendant Rios for those compensatory and punitive damages. On these procedural bases, at least, the Judgment cannot hold Rios individually liable for such damages under these circumstances.

Again, Plaintiff was never given an opportunity to formally respond to the Motion. Therefore, the Court will not rely on these stated bases on the assumption that Plaintiff could assert some opposition on the basis that Rios was on notice somehow, based on the pleadings or course of the trial, that he could be included in

the Judgment as a defendant to the Title VII gender discrimination claims despite the undisputed fact he was never named as a party in the operative complaint. With that assumption in mind, the Court proceeds to grant the motion on another ground and, thus, sua sponte in effect because under Title VII there can be no individual liability to a manager or supervisor for Title VII liability for gender discrimination. That is hornbook law. The current Judgment failed to take that principle of law into account when it included, erroneously, Defendant Rios as a party to the jury's award. Therefore, it is due to be amended under Rule 59(e) and Rule 60.

For that purpose, at minimum, Defendants' Motion to Reinstate their post-trial motions [D.E. 82] is also GRANTED in part. Given that the Court will now enter an Amended Judgment that complies with Title VII, the motion to reinstate should be Granted in so far as the parties may file amended motions or new motions under Rules 50 or 59 that address any issues or errors raised by the entry of the Amended Judgment.

## I. BACKGROUND

In this employment action, Plaintiff Malak Khatabi alleged that her former employer, Defendant Car Auto Holdings, LLC — a car dealership —employed her as a salesperson but failed to pay her all the minimum wages she was due. Through an amended complaint filed October 31, 2021 [D.E. 27], Plaintiff expanded the scope of the case and asserted claims for various forms of gender discrimination, including sexual harassment, hostile work environment, and retaliation. She sued the dealership and its owner, Defendant Carlos Rios, for damages.

The specific claims alleged in the Amended Complaint were: Count I, Wage and Hour Violation by Corporate Defendant, Count II, Wage and Hour Violation *by the Individual Defendant*, Count III, Unpaid Wages Under Florida Statutes, Section 448.08, Count IV, Violation of Title VII – Discrimination Based on Sex (Disparate Treatment) Against Corporate Defendants, Count V, Violation of Title VII – Discrimination Based on Sex (Hostile Work Environment) Against Corporate Defendants, Count VI, Retaliation in Violation of Title VII Against Corporate Defendants, Count VII, Violation of the FCRA – Discrimination Based on Sex (Disparate Treatment), Count VIII, Violation of the FCRA – Discrimination Based on Sex (Hostile Work Environment) and, Count IX, Retaliation Based on Sex in Violation of the FCRA.

The case was originally assigned to Chief Judge Altonaga. Although Chief Judge Altonaga was scheduled to preside at trial, the trial was reassigned to Senior Judge Huck for trial purposes. Judge Huck presided at the jury trial that took place April 11-13, 2022. The jury returned its verdict on the last day of trial, finding in favor of Khatabi for liability on all the claims presented, but awarding damages only on certain claims. [D.E. 57].

As to the FLSA and related state law wage claims against the corporate and individual Defendants, Counts I, II, and III, the jury awarded $516.00, together with a finding that Defendants' conduct was in reckless disregard of their obligations under the FLSA. As to the gender discrimination claim for constructive discharge, which is found in Count IV, the jury found liability and awarded a total of $81,541 in

compensatory damages and $750,000 in punitive damages. The verdict form did not require the jury to make any particular findings as to individual liability for Defendant Rios, and neither did the Jury Instructions that informed them of the nature of the claim. [D.E. 57; 64 at 167-69].

The jury also found in Plaintiff's favor as to liability with respect to the remaining counts (for hostile work environment and retaliation) but awarded no additional damages on either claim. [D.E. 57].

Following the jury's verdict, Chief Judge Altonaga promptly entered final judgment in accordance with the jury's verdict and as per Fed. R. Civ. P. 58. [D.E. 59] The case was then Closed that same day. Within the time provided by Fed. R. Civ. P. 50 and 59, Defendants then timely filed two post-judgment motions. First, they jointly filed a renewed motion for judgment as a matter of law or, in the alternative, for new trial or remittitur. [D.E. 69]. And, second, Rios filed the pending motion to alter or amend the judgment on the grounds that the Final Judgment wrongly entered damages against him individual for the gender discrimination constructive discharge claim. [D.E. 70].

On May 13, 2022, the Court entered an Order sua sponte that "terminated" the Defendants' post-judgment motions and referred the case to the undersigned Magistrate Judge for the purpose of conducting a post-judgment mediation conference on or before June 10, 2022. [D.E. 71]. Chief Judge Altonaga's Order further provided that it would "direct the Clerk to reinstate the Motion" "[d]epending on the outcome of the mediation conference". *Id.* As grounds for its sua sponte actions,

this Court relied on (1) the "lessons learned as a result of the trial and its outcome" and (2) the conservation of judicial and party resources. *Id.*

On May 23, 2022, the Court conducted an all-day settlement conference with the parties and their counsel. [D.E. 74]. The conference adjourned without reaching settlement. Nevertheless, the parties continued discussions on their own and in good faith but still did not reach settlement.

On May 27, 2022, the parties jointly filed a notice of consent that the case be referred for all purposes, including any post-judgment proceedings. [D.E. 75]. Judge Altonaga followed suit and referred the case for the conduct of all further proceedings. [D.E. 76]. Thereafter the parties continued discussions in good faith but still were not able to reach settlement. On July 13, the Court held a second settlement conference to determine if in fact an impasse was at hand. The conference adjourned without settlement. The Court advised that unless a final settlement was reached it would have to turn to adjudicating the post-trial motions.

After more time passed, on August 16, 2022, the Defendants moved this Court to reinstate their terminated post-judgment motions. [D.E. 82]. In that motion, the Defendants acknowledged that the parties never reached settlement and that further litigation on the post-judgment matters was required. Plaintiff responded in opposition to the motion, however, on the theory that Plaintiff's post-trial motions were terminated and hence "disposed of" within the meaning of Rules 50 and 59, as well as Fed. R. App. P. 4(a)(4)(A). As such, Plaintiff argued, the issues raised in the motion were moot and the time for appealing any such issues had long since passed.

In other words, Plaintiff insists that any appeal of the Final Judgment had to be filed by June 12, 2022. As no such appeal was filed, the case is over and there is thus no motion to reinstate.

Notably, Plaintiff's response to the motion to reinstate did not raise any substantive argument in opposition to the motion or to any of the substantive issues raised in the "terminated" post-trial motions.

## II.     ANALYSIS

We begin by briefly addressing the procedural objection Plaintiff now raises to consideration of any post-judgment matters: the District Judge's "termination" of the original post-trial motions rendered them final and "disposed of" for purposes of Rule 4, such that the time for appeal began from that date and has now passed. We then address the Court's finding with respect to the current Judgment.

### A.     *The Court Retains Jurisdiction under Rules 50, 59 and 60*

The crux of Plaintiff's argument is that the case is now effectively over. Defendants failed to appreciate that the Court's "termination" of their post-trial motions when she referred the case for a post-trial settlement conference constituted a final Order disposing of any post-trial arguments. So, to preserve those arguments for appeal, they had to file a notice of appeal no later than June 12, 2022. They did not, undoubtedly in reliance on the Court's Order that expressly reserved their right to reopen their motions if settlement efforts failed. But Plaintiff maintains that, though "harsh," this result is required by the jurisdictional nature of the time limitations set forth in Appellate Rule 4, that provides that:

> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order *disposing of* the last such remaining motion: [listing motions, including motions for judgment under FRCP 60(b) and for new trial under FRCP 59].

Plaintiff acknowledges, however, that no case was identified where this argument was ever accepted; namely, that a "terminated" motion under the Court's docketing system constitutes a "disposed of" motion for purposes of Rule 4. That is not surprising. It is not a usual practice to terminate post-trial motions on the Court's ECF system and, if that ever happens, the chances anyone would latch on to that administrative procedure to defeat appellate jurisdiction is miniscule.

But here the District Judge opted to terminate the motions on the ECF system while settlement efforts were underway at her direction. And she expressly reserved her intent to reopen the motions if those efforts failed. That is tantamount to a pre-ECF concept, which is a stay of the motion pending further action, which indisputably is *not* an appealable order as a final disposition of the motion. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983) (referring to "the usual rule that a stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff 'effectively out of court.' "); *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1194 (11th Cir. 2009) ("Ordinarily a stay order is not a final decision for purposes of [28 U.S.C.] § 1291.") (citing *Moses* and holding stay of proceedings pending appeal of separate case not an appealable order); *cf. King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1165 (11th Cir. 2007)

("The general rule is that a stay is not a final disposition, and thus not immediately appealable.") (citing *Moses,* stay order at issue was a final appealable order because it effectively put plaintiff out of federal court and was a stay was of indefinite duration).

The same well-established principle applies here. If the "termination" of the post-trial motions was intended to, or had the effect of, putting any party out of federal court and foreclosing further relief, then a case could be made that it was in fact a disposition with appealable characteristics. But no reasonable construction of the District Judge's Order could yield that conclusion here. She expressly reserved jurisdiction in order to allow the parties to focus on settlement. She expressly indicated that the motions would be reinstated by the Clerk upon notice that settlement efforts failed. And there was no indefinite duration provided for in that Order or the process contemplated therein. So, in unmistakeable terms, this Order could not possibly have been appealed, by either party. Least of all by a party who had timely sought post-judgment relief under the Federal Rules of Civil Procedure and never obtained any relief, positive or negative. *See, e.g., Hunter v. United States*, 792 F. App'x 370, 372 (6th Cir. 2019) ("A stay of a motion for reconsideration is not an order "disposing of" the motion for reconsideration. . . .The stay's terms confirm this conclusion. The stay did not provide a ruling on Hunter's Rule 59(e) motion and only paused its determination on the motion 'pending appeal.'") (citation omitted).

Plaintiff's "gotcha" theory also runs head-long against federal caselaw that defines what "disposition" means for purposes of Rule 4. Plaintiff has not cited or tried to distinguish these appellate cases that foreclose her argument here. Each of them requires the stated intention by the District Judge to finally rule on the merits of the motions as to all issues raised by them. So "disposition" under Rule 4 is tantamount to a ruling "with finality." *See Lexon Ins. Co. v. Naser,* 781 F.3d 335, 338 (6th Cir. 2015) ("A disposition is 'a final settlement or determination.' Black's Law Dictionary 572 (10th ed. 2014). To 'dispose of' a motion, a court must act in a way that 'indicates an intention that the act be final.'"); *see, e.g., Campbell Indus., Inc. v. Offshore Logistics Int'l, Inc.*, 816 F.2d 1401, 1404 (9th Cir. 1987) ("Only when a judge acts in a manner which clearly indicates an intention that the act be final, and a notation of that act has been entered on the docket, does the time for appeal begin to run."); *Lipman v. Budish*, 974 F.3d 726, 740 (6th Cir. 2020) (order striking a post-trial motion was not deemed dispositive for purposes of appealing the underlying judgment; "the decision to strike a post-judgment motion for failure to comply with a court order or local rule cannot negate an otherwise-timely appeal of an earlier decision on the merits when the notice of appeal is filed pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A).").

Hence, if a party files a post-trial motion and a judge stays its disposition pending a collateral appeal, the motion remains pending for Rule 4 purposes and has not been disposed of, contrary to Plaintiff's theory here. *See Hunter v. United States*, 792 F. App'x at 372. The rationale for this rule is the understanding that a District

Judge's intent to render a ruling with finality is what governs. Here, it is unquestionable that Chief Judge Altonaga did not intend to rule on the pending motions with finality when she "terminated" the motions with leave to "reinstate" if a settlement was not reached.

Similarly, if she had found the post-trial motions procedurally deficient or filed in violation of the Court's Local Rule, she may have struck the motions with leave to renew. In that case, she has not "disposed of" the motions so the filing of amended motions, even if that extended beyond the original 28-day period, would not be barred by Rule 4. *See, e.g., Lexon Ins. Co. v. Naser*, 781 F.3d at 337-39 (rejecting argument appellate jurisdiction failed because "[t]he appeal time starts to run again in other words only after 'the district court has finally acted on the tolling motion.' 16A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 3950.4, at 391–92 & n. 134 (4th ed.2008). There was nothing "final" about the district court's May 15 order giving Naser seven days (and fewer words) to file an amended motion.").

All these cases simply stand for the proposition that, even applying jurisdictional time periods like those in Rules 50 and 59, courts do not lose sight of the purpose behind those rules. Final decisions of a trial court count as final "dispositions" for purposes of Rule 4, just like only final judgments count for purposes of Rules 50 and 59. Ministerial orders that are not intended to be final do not. *See also Campbell Indus.,* 816 F.2d at 1404 ("A final decision "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911

(1945). Here, it is clear that the district court's action on July 29 was not intended to be final. The court contemplated the preparation and entry of a new set of factual findings and formal judgment. Thus, the entry of the minute order did not finally dispose of the matter. Only when a judge acts in a manner which clearly indicates an intention that the act be final, and a notation of that act has been entered on the docket, does the time for appeal begin to run.").

So we reject Plaintiff's clever theory for purposes of our disposition of the pending post-judgment issues raised in the case. Certainly, the Court of Appeals is in the best position to assess whether its jurisdiction is properly triggered, if and when the time comes that either party appeals any Order of this Court. And obviously if we are wrong our Circuit will say so. For our purposes, however, we proceed with the merits of the pending motions, noting as well that even if appellate jurisdiction has been lost from the original judgment, Rule 60 provides the Court with independent jurisdiction to correct a judgment of the Court for mistakes in the entry of a judgment (Rule 60(a)) as well as errors of law that the Court overlooked (Rule 60(b)). Any relief that we enter on the pending and reinstated motion to amend judgment may alternatively be grounded on Rule 60.[1]

---

[1] It is well established in our Circuit that a district court may grant Rule 60 relief *sua sponte*. *E.g., Horne v. United States*, No. 20-14503, 2022 WL 656097, at *4 (11th Cir. Mar. 4, 2022) ("A district court may initiate reconsideration of such a judgment or order *sua sponte*, at least before any party takes appeal. *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962) (stating '[o]verburdened courts, trial and appellate, should not have to squander precious time and resources ... where the Judge on his own and in time faces up to the error and corrects it by effective action).").

### B. *The Final Judgment Must be Amended*

The first issue Defendants raised in their post-judgment motions dealt with Defendant Rios's independent liability for the substantial damages awarded by the jury for the gender discrimination claim. As discussed earlier, the jury awarded damages to Plaintiff for gender discrimination when Defendant terminated her employment. The jury's verdict made no mention of any individual liability for Rios, and neither did the Court's instructions. The Court's original Judgment, however, included Rios as a party to the award for the gender discrimination claim, and not just the FLSA claim.

Our independent review of the record now after settlement talks have fizzled reveals a separate and more fundamental reason why the judgment must be amended with respect to Defendant Rios. It is binding law in this Circuit, and elsewhere for that matter, that Title VII does not include any individual liability, separate and apart from the employer itself. "To the extent that we have not so held before, we now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis in original). That published decision, binding in this case, expanded on earlier decisions that had similarly concluded no individual liability existed under Title VII in cases involving public employers. *See, e.g., Hinson v. Clinch County Bd. of Educ.,* 231 F.3d 821, 827 (11th Cir. 2000) (citation omitted) ("'[t]he relief granted under Title VII is against the

employer, not [against] individual employees whose actions would constitute a violation of the Act.'"); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991) (also holding that "[i]ndividual capacity suits under Title VII are . . . inappropriate").

This rule adopted in *Dearth* applies even if an individual defendant, like Rios, could be alleged to be an alter ego of the company, or was a sole shareholder of the employer entity. 441 F.3d at 932, 933 ("there is nothing in Title VII that supports Dearth's claim that individual capacity liability can be imposed on the basis of the alter ego doctrine, and the only circuit that we found to have addressed the issue rejected the argument").

The *Dearth* precedent has been universally followed since its adoption. *See, e.g., Little v. CRSA*, 744 F. App'x 679, 682 n.2 (11th Cir. 2018) (affirming dismissal citing *Dearth* because "Title VII claims against Norris and Patrick must be dismissed because Title VII claims may be brought against employers only); *James v. Total Sols. Inc.*, 691 F. App'x 572, 574 n.1 (11th Cir. 2017) (affirming summary judgment against individual defendant because "'relief under Title VII is available against only the employer and not against individual employees,' so James cannot sustain a Title VII claim against [defendant employer's CEO)"; *Shi v. Montgomery*, 679 F. App'x 828, 831 (11th Cir. 2017) ("because Title VII does not provide relief against individual employees, summary judgment was properly granted on the Title VII claims against Wims and Montgomery in their individual capacities"); *MackMuhammad v. Cagle's Inc.*, 379 F. App'x 801, 804 (11th Cir. 2010) ("For starters, no Title VII claim, including a claim for religious discrimination, harassment, or retaliation, could properly be

maintained against the individual defendants because they were not [plaintiff's] employer, and the district court therefore correctly granted summary judgment as to all employment claims against them.").

Accordingly, the original Judgment entered in the case cannot stand unrevised. Apart from notice to the individual Defendant, which the Rule 50(e) motion to amend focuses on, the Judgment is contrary to law. So, both under Rule 50(e), as well as Rule 60, the Judgment is now Vacated. An amended judgment shall be entered by separate Order, as per Rule 58, that reflects the jury's verdict but, with respect to Defendant Rios, limits his individual liability to the FLSA claim.

Finally, no other Rule 50 or 59 relief is being entered without a full opportunity for Plaintiff to respond to the arguments raised in Defendants' motions that must now be timely refiled following entry of the Amended Judgment. For good cause, the Court Orders Defendants to file amended Rule 50 or Rule 59 motions within fourteen days of the Court's Judgment, absent a request for an extension, in order for the matters raised to be fully addressed at the hearing presently scheduled for April 26, 2023. Similarly, to the extent Plaintiff seeks reconsideration of the Court's Amended Judgment for any reason, such motion should, absent extension, be filed within fourteen days of the Amended Judgment.

### III. CONCLUSION

Based upon our thorough review of the record as a whole, and for the reasons set forth above, it is **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Reinstate their post-trial motions [D.E. 82] is GRANTED in part and otherwise DENIED as moot.

2. Defendant Rios's Motion to Alter or Amend the Final Judgment [D.E. 59] is GRANTED in part on other grounds and otherwise DENIED as moot.

3. An Amended Judgment shall be separately entered as per Rule 58.

**DONE AND ORDERED** in Chambers at Miami, Florida this 31st day of March, 2023.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge